**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEXTER WILLIAMS,

                    Petitioner,                   Case Number: 19-13134
                                                   Honorable Sean F. Cox

v.

RANDEE REWERTS,

                    Respondent.
_____/

## <u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY</u>

Petitioner Dexter Williams filed a petition for a writ of habeas corpus under 28

U.S.C. § 2254, challenging his convictions for second-degree murder, Mich. Comp. Laws

§ 750.317, and mutilation of a human body, Mich. Comp. Laws § 750.160.  Petitioner,

who is proceeding *pro se*, raises four claims.  Respondent argues that Petitioner's second

and fourth claims are procedurally defaulted and that all of his claims are meritless.  For

the reasons set forth below, the Court denies the petition and denies a certificate of

appealability.

**I.**    **<u>Background</u>**

Petitioner was charged with first-degree murder and mutilation of a human body

and tried before a jury in Wayne County Circuit Court.  The Michigan Court of Appeals

summarized the evidence presented at trial as follows:

> This case arises from the death of the victim and the subsequent mutilation
> of her body by defendant.  Defendant was arrested after police officers were
> dispatched to the victim's apartment after the victim's employer requested a
> welfare check on the victim due to her absence at work.  The police officers

noticed that the victim's car was outside her apartment, and when they looked into one of the apartment's windows they saw a red stain with white foam in the hallway.  One of the police officers subsequently saw defendant inside the apartment, and they proceeded to have a conversation at the apartment door.  Defendant claimed that he was inside the apartment to retrieve his personal belongings because he and the victim had just broken up; however, he refused to let the police officers inside the apartment.  He explained his refusal on the basis that there was a "sick dog" inside.  After one of the police officers shined his flashlight on defendant's clothing, the police officer noticed that defendant's pants and shirt were covered in red stains.

Ultimately, defendant was handcuffed and placed in a police patrol car while the police searched the apartment.  The police discovered a severed human finger inside the apartment's bedroom.  Subsequently they discovered the victim's body covered in a comforter in a common storage area for the apartment building and a human leg protruding from a blue plastic container in the apartment's kitchen.

The inside of the patrol car that defendant was placed in was equipped with active video and audio recording equipment.  While he was inside the patrol car, defendant was recorded saying: "I swear I should have just never came back. I should have never came back. F**k.  Well, three meals a day. Son of a b***h. They caught me that fast. I should have never walked into that f****n' [sic] house. Yep. Yep."

*People v. Williams*, No. 335401, 2018 WL 987395, at *1 (Mich. Ct. App. Feb. 20, 2018).

Petitioner was convicted of second-degree murder and mutilation of a human body.  On September 27, 2016, he was sentenced to 50 to 80 years for second-degree murder and 6 to 10 years for mutilation of a human body.

Petitioner filed an appeal in the Michigan Court of Appeals raising claims that he received ineffective assistance of counsel and that he was improperly sentenced above the guidelines.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *Id.* Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising these claims: (i) he was not advised of his *Miranda* rights; (ii) he was denied counsel

during his custodial interrogation; (iii) ineffective assistance of counsel; (iv) prosecutorial misconduct; (v) ineffective assistance of appellate counsel; and (vi) judicial misconduct. On July 27, 2018, the Michigan Supreme Court denied leave to appeal. *People v. Williams*, 52 Mich. 940 (Mich. 2018).

Petitioner filed a motion for relief from judgment in the trial court raising two ineffective assistance of counsel claims and two claims alleging that the prosecutor failed to disclose exculpatory evidence. The trial court denied the motion. *People v. Williams*, No. 16-001559-01-FC (Wayne County Circuit Ct. May 3, 2019). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. On August 7, 2019, the Michigan Court of Appeals dismissed the application "for failure to pursue the case in conformity with the rules." *People v. Williams*, No. 349421 (Mich. Ct. App. Aug. 7, 2019). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Affidavit of Larry Royster, 10/10/2020 (ECF No. 8-17, PageID.1225).

Petitioner then filed this petition for a writ of habeas corpus. He claims:

I. Misconduct of a police officer (impeachment, credibility). The fruit of the poisonous tree.

II. Prosecutorial misconduct (Brady violation). The prosecutor withheld key evidence by retesting it over and over again.

III. Ineffective assistance of counsel. Counsel failed to request a motion for discovery or to investigate the case or talk to witnesses, failed to prepare for trial (a violation of professional conduct).

IV. Abuse of discretion. The name of the magistrate for the warrant is the same judge at the preliminary examination. Insufficient evidence to bind me over on first-degree murder. The petitioner was denied a fair trial by the trial judges excessive and one-sided questioning of the prosecution witnesses as that degree of questioning pierced the veil of judicial

3

impartiality and cast the judge in the of the prosecutor to the detriment of the petitioner.

## II.   <u>Legal Standard</u>

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has

4

emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Further, "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

A state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. <u>Discussion</u>

### A. <u>Police Misconduct and Ineffective Assistance of Counsel (Claims I, III)</u>

Petitioner's first claim consists of the following allegation: "Misconduct of a police officer [impeachment, credibility]. The fruit of the poisonous tree." (ECF No. 1, PageID.5.) Other than citations to the record, Petitioner provides no further explanation of, or support for, this claim. Considered in the context of the state court record, Petitioner's claim appears to be that defense counsel was ineffective for failing to move to suppress his videotaped statements on the ground that they were the product of an illegal warrantless search of the victim's apartment.

An ineffective assistance of counsel claim has two parts. A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense.

5

*See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  To establish prejudice to the defense, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Where a petitioner asserts counsel's failure to raise a Fourth Amendment claim as the basis for counsel's ineffectiveness, the petitioner "must prove that the Fourth Amendment claim is meritorious."  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

After reciting the controlling Supreme Court standard, the Michigan Court of Appeals held that Petitioner's claim failed under both *Strickland* prongs.  First, the state court held that the officers' entry into the victim's home without a warrant fell under the "emergency-aid exception to the warrant requirement."  *Williams*, 2018 WL 987395, at *3.  Police were sent to the victim's apartment for a welfare check after she did not show up for work.  *Id.* at *4.  Upon their arrival, multiple factors caused them to be concerned that the victim might be in need of assistance: the victim's car was parked outside her apartment; Petitioner said he did not know where the victim was; and Petitioner would not allow the officers inside the apartment because there was a "sick dog inside."  *Id.* Police also noticed red stains on Petitioner's shirt and both pants legs and a red stain on a carpet visible through a window.  *Id.*  The state court held that police entry into the victim's apartment was reasonable because it appeared that someone inside the apartment might need immediate assistance.  Accordingly, the state court concluded that counsel was not ineffective in failing to raise a meritless argument.  *Id.* at *5.

"[A] search conducted without a warrant issued upon probable cause is '*per se* unreasonable ... subject only to a few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).  As explained by the Michigan Court of Appeals, the exception relevant to this case is the emergency aid exception.  *Id.*  The court of appeals' conclusion that police reasonably relied on multiple observations to enter and search the apartment is fully supported by the record.  Because Petitioner's underlying Fourth Amendment claim lacks merit, Petitioner cannot show that the state court's denial of his underlying ineffective assistance of counsel claim was unreasonable. *Kimmelman*, 477 U.S. at 375.

Additionally, the state court's resolution of *Strickland*'s prejudice prong was not unreasonable.  The Michigan Court of Appeals held that, because of the overwhelming evidence of Petitioner's guilt, there was no reasonable possibility that suppression of the statements would have led to a different result.  This conclusion is amply supported in the record.

In his third claim, Petitioner maintains that counsel was ineffective for failing "to request a motion for discover[y] or investigate the case or talk to witnesses, failure to prepare for trial."  (ECF No. 1, PageID.8.)

The Michigan Court of Appeals denied this claim because Petitioner did not "identify any witnesses that his trial counsel should have called … [or identify] any substantial defense of which he was deprived."  *Williams*, 2018 WL 987395 at *3.

Petitioner's application for habeas corpus relief suffers from these same deficiencies. Petitioner asserts vague, unsupported claims that counsel was unprepared for trial.

"The failure to call favorable witnesses can amount to ineffective assistance where it results in prejudice to the defense." *Pillette v. Berghuis*, 408 F. App'x 873, 884 (6th Cir. 2010). If a witness does not possess exculpatory information, defense counsel has no obligation to call that witness to testify. *Id.* Here, Petitioner does not identify specific witnesses counsel should have interviewed nor does he present affidavits or any other evidence establishing what any unidentified witnesses would have said. In the absence of any such offering, he is unable to establish prejudice. *Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005) (affirming denial of an ineffective assistance claim based on counsel's failure to call witnesses where a petition did not "introduce[] affidavits or any other evidence establishing what they would have said.").

Petitioner also has not shown that defense counsel was unprepared for trial. He provides no specific information as to what counsel could have or should have done. This conclusory allegation is insufficient to sustain an ineffective assistance of counsel claim. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2012) ("[C]onclusory and perfunctory ... claims of [ineffective assistance of counsel] are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant habeas relief."). Habeas relief is denied on this claim.

B. Procedural Default (Claims II, IV)

Respondent argues that Petitioner's second and fourth claims are procedurally defaulted.  The Court finds that the claims are unexhausted.  Because no avenue remains for state court exhaustion, these claims are procedurally defaulted.

A prisoner seeking federal habeas relief must first exhaust his state court remedies by fairly presenting the substance of each federal constitutional claim in state court.  28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief.  *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather v. Rees*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987).

In his second claim, Petitioner argues that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by "with[holding] key evidence by retesting it over and over again."  (ECF No. 1, PageID.7.)  In his fourth claim, Petitioner argues that, during his preliminary examination, the judge pierced the veil of judicial impartiality by acting as a prosecutor.  (*Id.* at PageID.10.)  Petitioner has not fairly presented these claims to the Michigan Court of Appeals or Michigan Supreme Court.  On direct review, Petitioner did not raise these claims in the Michigan Court of Appeals.  He raised them for the first time in an application for leave to appeal to the Michigan Supreme Court.  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner then raised these claims in a motion for relief from judgment.  After the

trial court denied his motion, Petitioner attempted to file an application for leave to appeal

in the Michigan Court of Appeals.  The Michigan Court of Appeals dismissed the

application for "failure to pursue the case in conformity with the rules."  *People v.*

*Williams*, No. 349421 (Mich. Ct. App. Aug. 7, 2019) (ECF No. 8-16, PageID.151).

Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

*See* 7/10/2020 Affidavit of Larry Royster, Clerk, Michigan Supreme Court (ECF No. 8-

17).  Because Petitioner has not fairly presented his second and fourth claims through one

complete round of the state's established appellate review process, these claims are

unexhausted.

Petitioner can no longer exhaust these claims because he already filed a motion for

relief from judgment in the state trial court and does not argue that his claims fall within

the narrow exception to the prohibition against filing successive motions for relief from

judgment in state court.[1]  Where a petitioner "fails to present his claims to the state courts

and ... is barred from pursuing relief there, his petition should not be dismissed for lack of

exhaustion because there are simply no remedies available for him to exhaust."  *Hannah*

*v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).  Petitioner's claims are procedurally

defaulted and will not be considered on the merits unless he can show cause to excuse his

failure to present the claims in the state courts and actual prejudice to his defense at trial

---

[1] Petitioner has filed a request to stay this proceeding to allow him to exhaust these
unexhausted claims in state court.  (ECF No. 13.)  Because he may not file a successive
motion for relief from judgment in state court, a stay is unwarranted.

or on appeal, or that failure to consider his claims will result in a fundamental miscarriage of justice. *Id.*

Petitioner fails to allege cause or prejudice to excuse the default. These claims are barred from habeas review unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). The Supreme Court has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id*. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. Petitioner presents no new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, these claims are procedurally defaulted.

## IV. <u>Certificate of Appealability</u>

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

**V. <u>Conclusion</u>**

The petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

Dated: November 17, 2022                        s/Sean F. Cox
                                                                        Sean F. Cox
                                                                        U. S. District Judge